Good morning, your honors, and may it please the court. My name is Michael Yoder, and I am here on behalf of the appellant, Mr. Nelson Algarin. This appeal concerns the district court's dismissal of plaintiff's, or the appellant's Title VII claim under Rule 12 on the basis that he was subject to the regulations under Section 2.61 concerning his former employment with the appellee, the New York City Health and Hospitals Corporation. Specifically here, the court, on a de novo review, appellant is contending that the court should reverse the decision of the trial court on the basis that Mr. Algarin did not fall within the scope of what constitutes covered personnel under the definition of the Section 2.61 statute, as well as based upon this court's interpretation of that in the We the Patriots USA holding. So, counsel, before we go any further, just help me find where in the record you raised the Section 2.61 argument, where you raised that in the district court. Yes, your honor, so if you look at appendix page 97 and 98 of the initial motion to dismiss that was filed. All right, I'm just looking here. The bottom of page 97, it starts with personnel in a small, it's in a block group. I guess I see the part that says 2.61 is unconstitutional, right? Yes, your honor. But aren't you, isn't that a different thing from saying that as a statutory, matter of statutory construction, it doesn't fall within? Just tell me, it may be here and I just may be missing it. No, I understand, your honor. It is under the statutory construction of that, the initial argument was just that the statute, he fell outside of that to begin with, and then the additional arguments were the constitutionality of the statute of itself. Right, so just show me, read to me out loud, the part of your district court filing where you've made the argument that he falls outside the scope of 2.61. Just help me follow your argument, that's all. The initial part of the argument where I raised that was at the very beginning when it deals with being a qualified employee, which is under section A on page 889, asserting that he was qualified for his position of employment was based upon the fact that he was not within the scope of the section 2.61 language. So you're saying on page 889? Of the appendix, yes, your honor. Yeah, just give me a spot. Subsection A, in challenging the sufficiency of the pleading, defendant contended that a claim to fail to sufficiently allege he was qualified for this position, which was rebutted at the top of the appendix, page 90, claiming that, in fact, that on the basis that he was required to be vaccinated, he was not subject to section 2.61 to begin with, and he has pled that he is a qualified employee under Title VII as well as the SHRL. I'm sorry, I'm still not seeing the part where you say he wasn't covered by 2.61. Well, being covered by 2.61 was the basis that was veiled under the fact of being qualified as an employee. Right, where did you say this? Again, give me a line. And again, I could very well be missing this, but read me the line. Plaintiff sufficiently pleads he is qualified as the heading. Yeah. And the entire argument is based upon the fact that section 2.61 was inapplicable overall. You say that? That it was inapplicable? Where do you say that? That he can't be... No, where do you say it? Not what it means. Don't tell me what the argument means. Tell me where you say it. And the very first line of the argument is that it was under the erroneous assertion that he was required to become vaccinated against COVID-19 in order to be a remaining within the employment of the appellate. But do you make the argument that 2.61 doesn't apply because he is not covered? By, specifically, because he is not covered by it? Because he is not, doesn't fit within the definition? That specific language, no, is not, that part is not alleged in that, but we're relying on the Eastman v. Kodak, VSTWB Inc. case of the 2006 case from this district. While arguments that weren't necessarily for the district court are ordinarily not entertained, if it's providing additional support in regard to the same basis of an argument, it can be raised where here, we're claiming that he was not within the subject of section 2.61 in the decision. Well, but what's the real question? Does the district court have a fair opportunity to rule on this question? On the question as framed by Judge Nardini and myself, I mean, or not. It's not just trying to find some hook that you can attach yourself to to say that it was raised below. The question is, it's gotta be fairly raised below so that the district court can rule on it. Well, Your Honor, when the district court ruled, they claimed that he was, because he was, because of the simple fact that he had alleged he had two co-workers, it was construed to be that he was subjecting himself to other co-worker, or that he was subjecting himself to other personnel, but in his complaint, he alleges on three different occasions he was not subject or in the vicinity of any other colleagues within the facility. He clearly alleges that. And that's where the issue was, where under the Norton v. Shelby County holding, section 2.61 is void ab initio. You're pointing out that it was in the case. Our question is, was it argued to the district court? That's a different matter, totally different. Something that can be in a complaint and abandoned, or not raised before the district court. Understood, Your Honor. I'll move on to just the Norton v. Shelby County holding, which is the salient point of the entire appeal. The rendering of section 2.61 is unconstitutional under Supreme Court precedent, renders it entirely void as a matter of law from the time of its enactment. It's void from the beginning, and relying on it now is, it's essentially an argument that they're relying on case law that is to be construed if it never happened. On this argument about whether you raised this thing, you're saying that you said that he was qualified for his position, he alleged in the complaint that he wasn't near anybody, and so therefore wouldn't be qualified personnel, and it was a motion to dismiss, and you're saying that you didn't really waive those allegations, right? But can I ask why the district court was wrong? So if, in fact, he is in an office with two other employees, and he goes to the hospital where there are other employees, why is the district court wrong that he's covered personnel? Your Honor, when he alleged, all he did was state that there were only two other co-workers, just to emphasize the fact that in and of itself there were not a lot of people, but he did not actually work in the same vicinity of those co-workers at the same time, because there were only three total employees within the IT department. In paragraph 13 on the page 42 of the appendix claims he had no contact with patients or healthcare professionals. Paragraph 16 on appendix page 43, did not come into contact with co-workers, and paragraph 82 on appendix page 54. So he never came into contact with the other two employees who were working in the IT office? No, Your Honor, they had different shifts throughout the day. He didn't come into work until 4 p.m. Okay. Okay, you've reserved two minutes. Why don't we hear from your adversary? All right, Your Honor. Good morning, Your Honor. I'm here to speak to the court. I'm here to speak on behalf of the employee and I'm here to speak on behalf of the corporation. Your Honor, all of the arguments that the argument made in this appellate brief are entirely true. None of them were raised in the district court, and that is enough to end this appeal. They're entirely unreserved. The argument that he spoke to... The district court still has to decide whether he has a falsible claim right, and the complaint does allege that he did not come into close proximity or contact with his co-workers. So why wouldn't those facts indicate that he's not covered by the regulation? Well, two points, Your Honor. First of all, he designated his court to read that argument into his complaint, but he never articulated the argument ever that he was outside the scope of the definition of personnel. In fact, all of his arguments took for granted that he was covered by the statute. And second, so he alleges that he worked with, he was only with two other co-workers, he didn't come into close proximity or contact, but the regulation is focused on whether anyone could potentially expose any personnel as the regulation language on A-108 and 109. And based on those facts, and based on practice that the district court cited, it was reasonable for the district court to conclude that this applied to him. This argument he's making now about Schitt's, that's entirely new, that wasn't recent. Well, sorry, so putting aside the waiver question and whether it's new, would that be, if we have to make all inferences in his favor, if he says he doesn't come into contact with other employees, would that suggest that he's not covered personnel? Well, if there were facts in here to allege that he never came into contact with anyone, that's simply not what the complaint says. There's no close proximity. The complaint also alleges that he had shared parking garage, he took a stairway up to his suite, he went through a point of entry suite, screening, all these are shared spaces. So even if he worked in an office by himself without other employees, you're saying he'd still be covered personnel because he goes to the building? Well, there was shared. And so can see people in the stairwell or something like, or the garage? Certainly, Your Honor, according to the allegations of the complaint, he went through these shared spaces and he did work in an IT suite with other co-workers, according to the allegations of the complaint. And all the regulation requires is whether he could potentially expose other personnel. So again- But I guess I'm just asking, so I understand you're saying that he didn't raise it, but putting that aside, if in fact it were properly raised, that he worked in a suite and it was on shifts, so he was always there by himself and not at the same time as other co-workers, would that take him outside the ambit of the definition of covered personnel? I mean, that's a good question, Your Honor, but the facts are not set in the complaint. And I don't know- Yeah, but my question is if they were. So I understand your argument. So if they were, if this was all laid out in the complaint and properly raised and preserved and all of that, would he be covered personnel or not? Back in 2021, I'm not sure what the science was about how long a room has to be cleared for one person for the person going in in order to potentially expose someone to COVID. So I don't know the answer to that question, Your Honor. What I do know is that it was reasonable in this report, based on the allegations in this complaint and the precedent that this report cited, to find that he was a covered personnel under this regulation, particularly since he never argued otherwise. And again, all of the claims assume that- So the difference between what you're saying he actually put in the complaint and what would be in this hypothetical complaint where you're not confident he would be covered personnel is this idea that he worked in shifts and so wasn't in the suite with other co-workers. Because the complete complaint on its own suggests that he was, because it says that there were two other employees. Yeah, there's nothing in the complaint that states that when she was there, there was no one else present at all. It just says he did not come into close proximity or contact with his co-workers, but that he does say that he had two co-workers in his suite. So just to be sure, again, I'm understanding your argument. Your argument with respect to the 2.61 personnel definition argument, that that was never raised by your opponent in the district court. And I take it when you look at pages 88 and 89, your view is that he argued primarily that because 2.61 was invalid, it was unconstitutional, we should act as though it has no application to anyone. And that's why he was purportedly qualified. Because we have to imagine a world without 2.61, not because by the very terms, assuming its validity and applicability, he doesn't fall within the scope of it. That's in my, I just want to make sure I'm characterizing your argument, I'm not agreeing or disagreeing, okay. So again, this argument was never articulated in a complaint, it was never articulated in a briefing below. We need to articulate an argument in a complaint, right? A complaint is just a short and plain statement of the facts. That's why I'm a little puzzled about what to do with this waiver question. So if the complainant is only supposed to provide a short and plain statement of the facts, can he really waive the factual allegations in the complaint if we think that it might make out a plausible claim? You're saying he has an obligation in opposing a motion to dismiss to raise all possible arguments for why he states a claim, and if he doesn't, those are waived, even if it was articulated in the complaint. Well, I don't think that the complaint can reasonably be read to support this argument, Your Honor, and again- Well, the complaint, like I said, doesn't have to articulate an argument. A complaint only sets out facts, right? And the facts of the complaint, again, they don't support his argument that, you know, if the mission report properly found under the factualization of the complaint, he fit within the scope of personnel, and he never argued otherwise. All of his other arguments, again, are entirely unreserved as well, and I'm happy to address any of those if you have any other questions. No, that's fine, thank you. Mr. Yoder, you've reserved two minutes, if you'd like to add anything. Yes, Your Honor, just two brief points. First, again, I just want to reiterate, in paragraph 16 of the complaint, it's very clear he did not come into contact with his coworkers, was a verbatim quote from the complainant's appendix, page 43, and secondly, the reason that the arguments weren't raised is because if something is void ab initio from the start under Supreme Court precedent that's binding with Norton v. Shelby County, then reliance on the statute in and of itself is a moot point, so, you know, I was trying to. I'm sorry, it's void ab initio because of the, your preemption, because you say it's preempted? No, Your Honor, because of it being struck down as unconstitutional by the state court. And once in a law it's unconstitutional, it's void as if it never existed. So you're saying that you didn't have to raise this argument because you were focused on this, but then the district court went ahead and decided that he was covered personnel, and that's why you're pointing out the allegations of the complaint on appeal? That's correct, Your Honor. Okay. I have nothing further. Thank you very much.